# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3992

_____

United States of America,            *
                                         *

        Appellee,              *    Appeal from the United States
                                     *    District Court for the
     v.                    *    District of South Dakota.
                                     *

Daniel Marbach,              *    [UNPUBLISHED]
                                     *

        Appellant.            *

_____

Submitted: January 6, 2006
Filed: January 23, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Marbach challenges the 24-month prison sentence the district court[1] imposed after he pleaded guilty to failing to pay a past-due child support obligation in excess of $10,000, in violation of 18 U.S.C. § 228(a)(3). His counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Marbach's sentence is too severe and an abuse of discretion. In his pro se supplemental brief, Marbach raises a multitude of arguments concerning his guilty plea and sentence, including an argument that the district court committed error under

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

United States v. Booker, 125 S. Ct. 738 (2005), and violated Marbach's Sixth Amendment rights.

We conclude that the sentence was not unreasonable, and therefore was not an abuse of discretion: Marbach had a lengthy history of not making child support payments, resulting in a significant arrearage, and he also had an extensive criminal history. See Booker, 125 S. Ct. at 765 (sentences should be reviewed for unreasonableness). To the extent counsel is raising an Eighth Amendment argument, it fails. See United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime); cf. Harmelin v. Michigan, 501 U.S. 957, 961, 994-95 (1991) (state sentence of mandatory life imprisonment without possibility of parole for possessing 672 grams of cocaine did not violate Eighth Amendment).

The district court did not apply the Guidelines in a mandatory fashion, and thus there was no Sixth Amendment violation. It is unclear from the sentencing transcript to what extent the district court considered the Guidelines in sentencing Marbach, as it was required to do. See United States v. Haack, 403 F.3d 997, 1002 (8th Cir.) (after Booker, district court must first determine appropriate Guidelines range before determining whether to impose non-Guidelines sentence), cert. denied, 126 S. Ct. 276 (2005). Even assuming the district court failed to consider the proper Guidelines range, we conclude that Marbach cannot show any error affected his substantial rights, because the district court stated that it would have given Marbach an even more severe sentence were it not for the statutory maximum. See Fed. R. Crim. P. 52(a) (error that does not affect substantial rights is harmless); cf. United States v. Hadash, 408 F.3d 1080, 1082 (8th Cir. 2005) (if Guidelines were incorrectly applied, remand is unnecessary if error in application was harmless, such as when district court would have imposed same sentence absent error).

We reject Marbach's remaining arguments without extended discussion because, among other things, they are raised for the first time on appeal; they should be raised in collateral proceedings under 28 U.S.C. § 2255; they are too vague to address, or are foreclosed by his guilty plea; or they are plainly negated by the record.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____